# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE J. GUMP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. CV 11-1903 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION

On March 11, 2011, plaintiff Michelle J. Gump ("Plaintiff") filed a Complaint, seeking review of the denial by the Commissioner of the Social Security Administration of her applications for social security disability benefits. Pursuant to the Court's October 28, 2011 Order, Plaintiff was directed to submit a joint report to the Court regarding the status of this action.

On December 13, 2011, the Court issued an Order to Show Cause ("OSC") directing Plaintiff to show cause, no later than December 27, 2011,

> why this action should not be dismissed for Plaintiff's failure to prosecute this action. **Plaintiff shall attempt to show such cause in writing by filing a declaration signed under penalty**

1       **of perjury.  In particular, Plaintiff's declaration must address**
2       **why Plaintiff has not responded to Defendant's letter or the**
3       **Court's October 28, 2011 Minute Order and whether further**
4       **prosecution of this action is advisable.  Failure to timely file**
5       **such a declaration or to show cause as ordered will result in**
6       **dismissal of this action for failure to prosecute.**
7 (OSC at 1 (bold in original).)  As of the date of this Order, Plaintiff has not filed any
8 response to the OSC.

## II.
## DISCUSSION

A district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992, *as amended* May 22, 1992), *cert. denied*, 506 U.S. 915 (1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir.) (*per curiam*), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986).

In determining whether to dismiss a case for failure to comply with a court order, a court must weigh five factors:

    (1) the public's interest in expeditious resolution of litigation;
    (2) the court's need to manage its docket;
    (3) the risk of prejudice to defendants;
    (4) the public policy favoring disposition of cases on their merits; and
    (5) the availability of less drastic alternatives.

*Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002).  The Court will assess

1  each of the above five factors in turn.

2  In this case, both the first factor (public interest in expeditious resolution of
3  litigation) and the second factor (the court's need to manage its docket) strongly
4  favor dismissal.  Plaintiff has not responded to Defendant's attempts and her former
5  counsel's attempts to contact her.  It has now been over two months since Plaintiff
6  filed anything in this action, despite the Court's repeated orders for her to do so.

7  Plaintiff's "noncompliance has caused [this] action to come to a complete halt,
8  thereby allowing [Plaintiff] to control the pace of the docket rather than the Court."
9  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation
10 marks and citation omitted).  Allowing her to continue to do so would frustrate the
11 public's interest in the expeditious resolution of litigation, as well as the Court's
12 need to manage its own docket.  *See Pagtalunan*, 291 F.3d at 644 (Trott, J.,
13 concurring) (recognizing that "the need of the district court in the Central District of
14 California to manage its huge caseload has never been greater").

15 The third factor (the risk of prejudice to the defendants) also weighs in favor
16 of dismissal.  Although the mere pendency of a lawsuit is not prejudicial in and of
17 itself, a failure to provide a reasonable excuse for defaulting on a court order can
18 indicate sufficient prejudice to warrant dismissal.  *Yourish*, 191 F.3d at 991-92
19 ("Plaintiff['s] paltry excuse for his default on the judge's order indicates that there
20 was sufficient prejudice[.]").  Here, Plaintiff has given no explanation – much less a
21 reasonable excuse – for her failure to submit a joint report or a response to the OSC.
22 *Id.* at 991 (prejudice results from "unreasonable" delay); *see also Southwest Marine*
23 *Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the
24 foundation upon which a court may presume prejudice.").

25 The fourth factor (the public policy favoring disposition of cases on their
26 merits) weighs against dismissal, as it inevitably will when an action is dismissed
27 without reaching the merits.  *Pagtalunan*, 291 F.3d at 643.

28 Finally, the Court finds that the fifth factor (the availability of less drastic

alternatives) supports dismissal. Despite providing Plaintiff with a chance to obtain replacement counsel or proceed *pro se*, and even after the Court issued an OSC, giving Plaintiff yet another opportunity to inform the Court the status of this action, no response has been filed. None of the less drastic alternatives explored by the Court have worked and dismissal is, at this point, the only real option. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). The Court also notes that the instant action is being dismissed *without* prejudice, a significantly less drastic sanction than dismissal with prejudice.

In sum, four out of five factors strongly support dismissal, making dismissal appropriate at this point. *Yourish*, 191 F.3d at 990 (dismissal appropriate where "at least four factors support dismissal, . . . or where at least three factors strongly support dismissal[]") (internal quotation marks and citation omitted).

Based on the foregoing, IT IS ORDERED THAT the above-captioned action is **dismissed without prejudice** for failure to prosecute and comply with the Court's Orders.

Dated: January 3, 2012            _____
                                           Hon. Jay C. Gandhi
                                      United States Magistrate Judge